IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICKY L. PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3276-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Ricky Lee Page seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on September 29, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from
the Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff filed applications for disability and disability insurance benefits on December 15, 2006, alleging he became disabled on August 6, 2006. Plaintiff was born in 1962 and was 43 years of age on his alleged onset date of disability. Plaintiff has past relevant work as a construction worker, dump truck driver, front-end loader operator, machine operator, and salvage worker.

Plaintiff's applications were denied initially on January 17, 2007. Thereafter, plaintiff requested a hearing, which was held on February 25, 2009. Plaintiff appeared and testified at the hearing. On May 18, 2009, the administrative law judge (ALJ) found that plaintiff was not suffering from a disability as defined by the Social Security Act. The Appeals Council

subsequently denied plaintiff's request for review on May 18, 2010, thereby making the ALJ's decision the final decision of the Commissioner.

The ALJ's decision concluded that plaintiff met the insured status requirements of the Social Security Act through December 31, 2010, and that plaintiff has not engaged in substantial gainful activity since his alleged onset date. The ALJ determined plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, major depressive disorder, passive aggressive personality disorder traits, and poly-substance dependence. The ALJ did not find that any of plaintiff's impairments met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ went on to determine that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms were not fully credible to the extent they were inconsistent with the finding that plaintiff had the residual functional capacity (RFC) to maintain light work with some limitations to account for his impairments. Based on the testimony of a vocational expert, the ALJ found that although plaintiff could not do past relevant work, he was capable of making successful adjustment to other work that exists in significant numbers in the national economy.

Plaintiff alleges the ALJ erred in (1) failing to give the appropriate weight and controlling weight to the opinions and conclusions of Michael Ball, D.O.; (2) failing to evaluate properly plaintiff's RFC; and (3) failing to find plaintiff credible. Plaintiff also alleges that the Appeals Council erred in failing to properly consider the new and material evidence submitted to them with plaintiff's appeal.

The Commissioner has responded in opposition, arguing that the ALJ properly evaluated the evidence of record and found that plaintiff's allegations of completely disabling limitations were inconsistent with his activities, conservative treatment history, and medical treatment notes. The Commissioner further argues that the ALJ properly assigned little weight to Dr. Ball's assessment because it was inconsistent with his own treatment notes and the other medical evidence of record. The Commissioner also asserts that the ALJ properly determined plaintiff's RFC and relied on the vocational expert's testimony to conclude that an individual with

plaintiff's limitations retained capacity to perform light work existing in significant numbers in the national economy.

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument on September 29, 2011, this Court finds that despite a thorough opinion by the ALJ that appears to be well supported by the record, this case must be remanded to the Commissioner. Remand is necessary to cure what appears to be an inadvertent error by the ALJ in relying on the opinion of J. Kinkle, a non-medical disability examiner for the Social Security Administration.[2] The Commissioner's counsel concedes that the ALJ mistakenly referred to the non-medical opinion of J. Kindle as that of a medical consultant.

The Social Security Administration defines "acceptable medical sources" as (1) licensed physicians, (2) licensed or certified psychologists, (3) licensed optometrists, (4) licensed podiatrists, and (5) qualified speech-language pathologists. 20 C.F.R. § 404.1513(a)(1)-(5) (2011). Only acceptable medical sources can give medical opinions or establish the existence of a medically determinable impairment. 20 C.F.R. § 416.927(a)(2) (2011). It is legal error for an ALJ to give weight to an opinion of a lay person as being from a medical consultant. Dewey v. Astrue, 509 F.3d 447, 449 (8th Cir. 2007). Here, the ALJ specifically states that substantial weight is given to the non-medical opinion of J. Kinkle. (May 18, 2009 Decision of ALJ, p.9.). The Court does not believe this was harmless error. Although the record contains evidence that could support the denial of benefits, the Court can only speculate whether the ALJ would have reached the same result had she recognized that J. Kinkle was not a medical doctor.

## Conclusion

Because of the error set forth above, this Court finds that the ALJ's opinion is not supported by substantial evidence in the record.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case remanded to the Commissioner for further development of the record.

---

[2]Kinkle appears to be a disability examiner who may make the initial disability determination without requiring the signature of a medical consultant. Such persons are often referred to as single decision makers.

Dated this 2nd day of November, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge